**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **NO. 3:15-CR-3-GFVT-MAS** |
| **DAVID ALLEN HEDGES,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |
| ) | |

**REPORT & RECOMMENDATION**

The Court, on referral from the District Court, considers reported violations of supervised release conditions by Defendant David Allen Hedges. On April 12, 2017, United States District Judge Gregory F. Van Tatenhove sentenced Hedges to a 45-month term of imprisonment followed by a 3-year term of supervised release upon his plea of guilty to the charges of attempt and conspiracy to commit mail fraud and aiding and abetting fraud with identification documents. [DE 312]. Hedges' term of supervision became on February 15, 2019. Hedges' terms of supervision included:

> You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

> After initially reporting to probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

> You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
>
> The defendant must make restitution in the amount of $9,073, to the victim in his case, the Internal Revenue Service.
>
> The defendant shall not commit another federal, state or local crime.

[DE 312].

## I. BACKGROUND

On March 19, 2019, the United States Probation Office ("USPO") issued a Supervised Release Violation Report charging Hedges with violations of the conditions of his supervised release. Specifically, USPO reported that on March 14, 2019, the probation officer attempted to make an unannounced home visit at Hedges' residence. The probation officer spoke with the owner of the residence who informed him that Hedges was no longer living there. The violation report further stated that Hedges had not reported to USPO in February following his release from federal custody, had made no effort to obtain employment, or made any payments towards his restitution as required. Judge Van Tatenhove issued an order for an arrest warrant based on these violations on March 20, 2019.

Law enforcement did not locate Hedges for more than a month. On July 3, 2019, USPO submitted an addendum to the violation report explaining that on April 28, 2019, the Frankfort police responded to a call that involved Hedges. Upon realizing Hedges had an active state warrant (for a parole violation unrelated to the warrant issued by Judge Van Tatenhove), the officers arrested and searched Hedges, whereupon they found four bags of methamphetamine. Hedges

ultimately pleaded guilty in Franklin County Circuit Court on May 14, 2019, to a Class A misdemeanor for attempted drug trafficking. He was sentenced to 12 months for that offense. Hedges' criminal conviction and prior noncompliance with his probation reporting requirements constitute a Grade C violation.

## II.  PROCEDURAL HISTORY

The Court conducted an initial appearance on the supervised release violations pursuant to Federal Rule of Criminal Procedure ("Rule") 32.1 on January 22, 2020. [DE 356]. The Court advised Hedges of his constitutional rights, including his right to a preliminary hearing pursuant to Fed. R. Crim. P. 32.1(b)(1)(A). Hedges knowingly, voluntarily, and intelligently waived his right to a preliminary hearing; thus, the Court found probable cause that the allegations in the Report were true. The United States also moved for interim detention and Hedges did not seek release. The Court ordered he be released until a determination of his revocation status is reached.

At the final hearing on February 4, 2020, the Court found Hedges to be competent to enter a knowing, voluntary, and intelligent stipulation to the charged violations. For purposes of the Rule 32.1 proceedings, Hedges admitted the factual basis for the violations as described in the Report. Accordingly, the Court finds the United States established the violation pursuant to 18 U.S.C. § 3583(e). [DE 359].

The parties agree that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") propose a sentence of 7 to 13 months, with a statutory maximum of 24 months. *See* 18 U.S.C. § 3583(e)(3). Should Hedges' supervised release be revoked, the Court can re-impose an additional term of supervised release of up to 36 months, less any term of imprisonment imposed upon revocation. *See* 18 U.S.C. § 3583(h).

The United States proposed a sentence at the low end of the guidelines, to include four months of imprisonment and three months at a halfway house. Hedges did not disagree with the

United States' position but pressed the Court to give him credit for the time he has been incarcerated on the unrelated state charges since his release from federal prison. Should the Court give such "credit," Hedges would not face any imprisonment time.

### III.     ANALYSIS

The Court has evaluated the entire record and considered the arguments presented at the final hearing, the record concerning Hedges' violations, the presentence investigation report, and the factors set forth in 18 U.S.C. § 3583(e).

Hedges' conviction for attempt to traffic in a controlled substance is the most serious violation, being a Class A misdemeanor and Grade C violation. Accordingly, a Grade C Violation will be utilized for purposes of this proceeding. U.S.S.G § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."). The criminal history category established at sentencing is a Category V.

In recommending a sentence, the Court must consider the nature and circumstances of Hedges' original conviction, the statutory factors in 18 U.S.C. § 3553 incorporated into § 3583(e), and the Sentencing Guidelines range. *See also United States v. Johnson*, 640 F.3d 195 (6th Cir. 2011). Hedges' original conviction involved a conspiracy to commit mail and wire fraud and aiding and abetting aggravated identity theft. [DE 107]. Hedges admitted he was responsible for an intended loss of $43,244 as a result of his role in the conspiracy.

Prior to his incarceration for the identity theft and fraud, Hedges pleaded guilty to state trafficking charges and was sentenced to two five-year terms of incarceration to be served concurrently. Hedges was paroled on March 14, 2012, after two years of incarceration. He admitted that he engaged in the activities leading to the conviction in this case in July 2012, just four months after he was released on parole. Hedges then committed another controlled substance

offense in September 2014 (while still on parole for the trafficking conviction) and went back to prison for another year for that offense. His term of incarceration for those offenses ended on June 1, 2015; however, he was indicted in the instant federal fraud case prior to his release.

Hedges' term of supervision in this case began on February 15, 2019, and Hedges immediately violated his release conditions. Unfortunately, it appears from Hedges' criminal record that this is a typical pattern of conduct for him. Considering the factors set forth in 18 U.S.C. § 3553, it is clear to the Court that revocation is necessary to "protect the public from further crimes of the defendant," as Hedges has been incarcerated or involved in criminal activity continuously for the past ten years. 18 U.S.C. § 3553(a)(2)(C). Since his teenage years Hedges has engaged in criminal activity ranging from repeatedly driving without a license, driving under the influence, assault, cruelty to animals, and controlled substances offenses. Hedges' history and characteristics indicate that he has an escalating criminal history and difficulty conforming his behavior to be within the bounds of the law. [*See* Presentence Investigation Report at 14-17]. Finally, the Court cannot discount the "seriousness of the offense," as it relates to trafficking in controlled substances and abusing the trust of the Court by violating the terms and conditions of Hedges' supervised release. 18 U.S.C. § 3553(a)(2)(A).

The record and proffer at the final hearing demonstrated that Hedges has struggled with substance use disorder, mental health, and impulsivity for many years. He reported using alcohol, marijuana, and cocaine since he was a teenager, and using opiates before and after his state incarceration. [*See* Presentence Investigation Report at 20]. Hedges represented to the Court that he regretted the poor choices he made upon his most recent release from prison, and that the freedom was too much for him to handle at that time. The parties suggested Hedges be required to undergo a mental health evaluation in addition to substance use disorder treatment.

The parties propose revocation with a sentence at the lowest end of the Guidelines Range, and a substitution of three months in a halfway house in lieu of three months' incarceration. The Court, in reviewing the record, finds the parties' suggestion is inappropriate. Four months incarceration is insufficient to reflect the seriousness of the crime, deter future conduct, and protect the public from the constant criminal activity of Hedges.

The District Court imposed a 48-month term of imprisonment followed by a 3-year term of supervised release. [DE 312]. This was at the lowest end of the guideline range of 24 to 30 months on the fraud charge and 24 months on identity theft charge, to be served consecutively. S*ee* 18 U.S.C. § 3553(a)(6) (considering "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). The instant violations are his first violations during this term of supervised release; however, Hedges violated immediately upon his release.

Although the Court does not think Hedges' behavior deserves the guideline's maximum, there must be a deterrent imposed to reprimand his misconduct and motivate behavioral change, and it must be far greater than the punishment suggested by the parties. 18 U.S.C. § 3553(b) ("to afford adequate deterrence to criminal conduct"). This is particularly true because of Hedges' repeated violations for the same offense; however, his repeated drug trafficking and use (based on his admissions at the final hearing) also indicates he could benefit from substance use disorder treatment as Judge Van Tatenhove originally ordered in his conditions of supervision.

Considering all of the facts, the Court believes it has no choice but to recommend Hedges' term of supervision be revoked, that he serve a term of eleven months incarceration, to be followed by a two-year term of supervised release with all of the same conditions Judge Van Tatenhove

6

originally proscribed. The Court finds this sentence is sufficient but not greater than necessary to punish and deter Hedges' conduct in violating his supervised release.

### IV.   CONCLUSION

Accordingly, for the reasons stated herein, the Court **RECOMMENDS**:

(1) Hedges be found guilty of all violations;

(2) Hedges' supervised release be **REVOKED**;

(3) Eleven (11) months of incarceration;

(4) A two (2) year term of supervision to follow with the original terms of supervision.

Hedges preserved his right of allocution. Absent a waiver of allocution, this matter will be placed on Judge Van Tatenhove's docket for an allocution hearing upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within 14 days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Entered this 6th day of February, 2020.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge