UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal No. 3:15-cr-0003-GFVT-MAS-7 |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DAVID ALLEN HEDGES, | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant David Allen Hedges' violation of supervised release. Magistrate Judge Matthew A. Stinnett issued a Recommended Disposition pursuant to Mr. Hedge's violation. [R. 360.] Judge Stinnett recommended revocation and an eleven-month period of incarceration followed by a two-year term of supervised release. *Id.* Mr. Hedges preserved his right of allocution and came before the undersigned on June 28, 2020. [R. 367.] At his allocution hearing, Mr. Hedges verbally objected to the length of the term of imprisonment recommended by Judge Stinnett. For the reasons that follow, Mr. Hedges' objections are **OVERRULED IN PART**, and Judge Stinnett's recommendation is **ADOPTED IN PART**.

I

Judge Stinnett's Recommended Disposition accurately sets forth a more detailed account of the factual and procedural background of this case. The Court incorporates Judge Stinnett's discussion of the record by reference here, but nevertheless will reiterate a few key facts.

On April 12, 2017, Mr. Hedges pleaded guilty to conspiracy to commit mail fraud and aiding and abetting fraud with identification documents. [R. 312.] This Court sentenced him to forty-five (45) months imprisonment, followed by three (3) years of supervised release. *Id.* Mr. Hedge's term of supervision began on February 15, 2019. However, Mr. Hedges failed to report to the United States Probation Office (USPO) upon his release.

On March 19, 2019, USPO issued a Supervised Release Violation Report charging Hedges with several violations, and the undersigned issued a warrant the following day. Law enforcement did not locate Mr. Hedges until April 28, 2019. Frankfort police responded to a call involving Mr. Hedges, at which time they realized Mr. Hedges had an active state warrant. Frankfort officers arrested and searched Mr. Hedges and found four bags of methamphetamine. Hedges pleaded guilty to attempted drug trafficking in Franklin Circuit Court and was sentenced to twelve (12) months incarceration. Mr. Hedges' criminal conviction and reporting violations constitute a Grade C violation. Based on his criminal history and a Grade C violation, the Guideline range for this violation is 7 to 13 months.

Judge Stinnett held a revocation hearing on February 4, 2020 at which Mr. Hedges stipulated to the violations in the report. [R. 359.] There, the United States proposed a sentence of four (4) months incarceration followed by three (3) months in a halfway house. [R. 360 at 3.] Mr. Hedges agreed with the proposed sentence, but asked to be given credit toward the sentence for the time he served in connection with the unrelated state charges.

For reasons more thoroughly articulated in the Recommended Disposition, Judge Stinnett ultimately recommended eleven (11) months incarceration, followed by two (2) years of supervised release. Judge Stinnett characterized the parties' recommendation as "inappropriate" in that "[f]our months incarceration is insufficient to reflect the seriousness of the crime, deter

2

future conduct, and protect the public from the constant criminal activity of Hedges." [R. 360 at 6.] In reaching his conclusion, Judge Stinnett focused on Mr. Hedges' repeated state law convictions related to drug use. Further, Judge Stinnett noted that Mr. Hedges violated his terms of supervision immediately upon release, which is a "typical pattern of conduct" for him. Judge Stinnett relied on these factors in making his recommendation as to an appropriate sentence.

## II

Under Federal Rule of Criminal Procedure 59(b), a party has fourteen days after service to register any objections to the recommended disposition or else waive his rights to appeal. *See also* 28 U.S.C. § 636(b)(1). In order to receive *de novo* review by this Court, any objection to the report and recommendation must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (citation omitted). A general objection that fails to identify specific factual or legal issues from the report and recommendation, however, is not permitted since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Mr. Hedges did not file any written objections to the Recommended Disposition, but he preserved his right of allocution. The objections raised by Mr. Hedges are sufficiently definite to trigger the Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law, and statutory authority, as well as applicable procedural rules.

At the allocution hearing held on June 28, 2020, Mr. Hedges objected to the length of the sentence recommended by Judge Stinnett. Mr. Hedges asked the Court to reconsider the

3

sentence proposed by the parties at the final hearing before Judge Stinnett. Further, counsel for Mr. Hedges pointed out this is Mr. Hedges' first violation in federal court, and that Mr. Hedges has already served twelve months in state custody for the attempted trafficking charge. This argument contemplates that Mr. Hedges is being punished twice for the same crime. But as the Court explained at the allocution hearing, the primary wrong in the supervised release context is the violation of the Court's trust by the defendant. Here, Mr. Hedges disappeared immediately upon release, and did not even attempt to comply with his terms of supervision.

Mr. Hedges' violation demonstrates a severe breach of the Court's trust. The Court acknowledges that Mr. Hedges served significant time for his state conviction. But any sentence imposed in this Court is in response to the breach of trust by Defendant, not the underlying state conviction. The sentence recommended by Judge Stinnett is not unreasonable and is in the middle of the Guidelines range. The Court believes, as Judge Stinnett did, that the sentence proposed by the parties in not appropriate. Mr. Hedges is in a unique circumstance though, as the availability of good time credit for any sentence longer than 12 months could make a 13-month, top of the Guidelines sentence, in effect, shorter than the 11-month recommendation. In light of this fact, and taking into consideration the arguments of defense counsel, the Court will impose a sentence of ten (10) months. The Court finds this sentence is sufficient but not greater than necessary to address the statutory factors as defined in 18 U.S.C. §§ 3553(a) and 3583(e).

### III

For the foregoing reasons, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED:**

1. Defendant David Allen Hedges' Objections to the Magistrate Judge's Report and Recommendation are **GRANTED IN PART**;

    2.      The Magistrate Judge's Report and Recommendation **[R. 360]** is **ADOPTED IN PART** as and for the opinion of the Court;

    3.      Defendant David Allen Hedges is found **GUILTY** of all violations, as set forth in the Petition filed by the United States Probation Office and the Recommended Disposition of the Magistrate Judge;

    4.      Mr. Hedges' supervised release is **REVOKED**;

    5.      Mr. Hedges is hereby sentenced to the Custody of the Bureau of Prisons of a term of imprisonment of **ten (10) months,** followed by a **two (2) year** period of supervised release; and

    6.      Judgment shall enter promptly.

This the 4th day of June, 2020.

Gregory F. Van Tatenhove
United States District Judge