UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 3:15-cr-0003-GFVT-MAS |
| Plaintiff, ) | |
| ) | |
| V. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| DAVID ALLEN HEDGES, ) | **ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*     \*\*\*     \*\*\*     \*\*\*

This matter is before the Court on Defendant David Allen Hedges's violations of supervised release. Magistrate Judge Matthew A. Stinnett issued a Recommended Disposition pursuant to Mr. Hedges's violation. [R. 451.] Judge Stinnett recommended revocation and twenty-four months of incarceration with no supervision to follow. *Id.* at 8. Mr. Hedges preserved his right of allocution and came before the undersigned on June 7, 2022. [R. 458.] At his allocution hearing, Mr. Hedges made no requests or any additional statements. *Id.* For the reasons that follow, Judge Stinnett's Recommendation will be **ADOPTED.**

Judge Stinnett's Recommended Disposition accurately sets forth a more detailed account of the factual and procedural background of this case. The Court incorporates Judge Stinnett's discussion of the record by reference here, but nevertheless will reiterate a few key facts. In 2017, Mr. Hedges pleaded guilty to attempt and conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349 and with identification documents, as well as aiding and abetting in violation of 18 U.S.C. § 1028A and 18 U.S.C. § 2. [R. 312.] Mr. Hedges was sentenced to twenty-four months on each count for a total of forty-eight months to run consecutively, with three years of

supervised release to follow. *Id.* In 2019, Mr. Hedges violated the terms of his supervised release for the first time and was sentenced to ten months of imprisonment with two years of supervised release to follow. [R. 368.]

On November 9, 2020, Mr. Hedges began his second term of supervised release. [R. 370.] Presently, he has committed four additional violations. First, Mr. Hedges failed to allow his probation officer to visit him, which constitutes a Grade C Violation. [R. 449; R. 451 at 5.] Second, Mr. Hedges committed a Grade C violation for failing to report to his probation officer to file a probation report. [R. 449; R. 451 at 5.] Third, Mr. Hedges committed a Grade B violation for incurring a state court charge. [R. 449; R. 451 at 5.] Fourth, Mr. Hedges committed a Grade B violation for being charged with flagrant non-support in Kentucky state court. [R. 449; R. 451 at 5.] Based on his criminal history and a Grade B violation[1], the Guideline range for his violations is a sentence of 18 to 24 months. [R. 451 at 5.]

On April 5, 2022, Mr. Hedges appeared before Judge Stinnett for his final hearing where he stipulated to his first, second, and fourth violations. [R. 449.] However, Mr. Hedges contested his third violation for incurring state court charges for being a felon in possession of a firearm, possessing drug paraphernalia, possessing a controlled substance, and fleeing or evading police. [R. 451 at 4-5.] At the final hearing, Judge Stinnett determined that the United States established by a preponderance of the evidence, at a minimum, that Mr. Hedges committed the state law violations of fleeing and evading law enforcement and being a convicted felon in possession of a firearm. *Id.*

---

[1] "When there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of violation is determined by the violation having the most serious grade." United States Sentencing Commission § 7B1.2(b).

After the hearing, Judge Stinnett evaluated the entire record and considered all of the Section 3553 factors imported into the Section 3583(e) analysis, as well as the Guidelines. [R. 451 at 5-8.] Ultimately, Judge Stinnett recommended revocation with a term of the twenty-four months imprisonment, with no supervision to follow. *Id*. at 8. In reaching his conclusion, Judge Stinnett noted that "additional supervision will likely serve no rehabilitative purpose in this case and may result in Hedges becoming stuck in a cycle of repeated revocation and prison sentences." *Id*. at 7 (citation omitted).

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 8; *see* 28 U.S.C. § 636(b)(1). Mr. Hedges has not filed any objections to Judge Stinnett's Report and Recommendation but did reserve his right to allocution. [R. 458.] Despite preserving his right, however, Mr. Hedges made no requests or additional statements at his allocution hearing. *Id.* Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a *de novo* or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Stinnett's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 451**] is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Hedges is adjudged **GUILTY** of all violations;

3. Mr. Hedges's supervised release is **REVOKED**;

4. Mr. Hedges is **SENTENCED** to a term of incarceration of twenty-four months with no additional supervised release to follow.

This the 9th day of June, 2022.

Gregory F. Van Tatenhove
United States District Judge